IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOHN A. ALLEN, JR.,<br>6549 Delaware<br>Hammond, Indiana   46323<br>    Plaintiff,<br><br>v.<br><br>INDIANA HARBOR BELT RAILROAD COMPANY<br>2721 161st Street<br>Hammond, Indiana 46323-1099<br>    Defendant. | Cause No.:<br><br>2:11cv-019 |

## COMPLAINT FOR DAMAGES

Comes now Plaintiff John A. Allen, Jr., by and through his attorneys, Matthew N. Fech and John R. Cantrell, and for his Complaint states and avers the following:

### JURISDICTION AND PARTIES

1.  Plaintiff John A. Allen, Jr. is a resident of the State of Indiana, living in the City of Hammond, which is within the jurisdiction of this Court.

2.  Defendant Indiana Harbor Belt Railroad is an Indiana Company, doing business in Hammond, Lake County, Indiana which is within the jurisdiction of this Court.

3.  This suit is filed pursuant to 29 USC § 621, *et seq*, otherwise known as the Age Discrimination in Employment Act (hereinafter referred to as "ADEA") and pursuant to 42 USC § 12101, *et seq*, otherwise known as the American with Disabilities Act (hereinafter referred to as

1

"ADA"), both federal questions providing this Court with subject matter jurisdiction.

4. That Plaintiff was employed by Defendant commencing on April 17, 1995 until July 2009, when he was informed he was taken off the employment roster in 2007.

5. That Plaintiff is bringing suit against Defendant in accordance with a determination of the Equal Opportunity Employment Commission (hereinafter referred to as the "EEOC") giving Plaintiff the right to sue within ninety (90) days of the EEOC's October 19, 2010 decision.

## COUNT I.
## AGE DISCRIMINATION IN EMPLOYMENT VIOLATION

6. Plaintiff re-alleges and re-avers all allegations contained in paragraphs 1-5 as if fully re-written herein.

7. Plaintiff began his employment with Defendant on April 17, 1995.

8. That Plaintiff was left employment on medical leave on May 7, 1996 (hereinafter referred to as "First Medical Leave") due to chest pain.

9. That Plaintiff followed all proper procedures as required by Defendant when requesting and securing his medical leave at this time.

10. That this medical leave continued after several proper extensions through January 6, 1998.

11. That Plaintiff returned to work on or about January 6, 1998 and worked through March 27, 1998.

12. That on May 26, 1998, a six (6) month medical leave was requested for

2

chrondomalacia of the patella which extended through January 22, 1999.

13. That in May 2009, Plaintiff was released by his personal physician to return to work and Defendant was notified of said release by fax, which was sent to Defendant's doctor.

14. That Plaintiff was then scheduled for a physical on May 30, 2009 at the request of Defendant's doctor.

15. That after Plaintiff provided all documentation requested by Defendant's physician, a full range of motion physical was scheduled for June 5, 2009 with physical therapist Paige Shafer.

16. That despite being verbally informed that Plaintiff had passed the June 5, 2009 physical, Defendant's physician would not complete the physical until he received such verification from the physical therapist in writing.

17. That on June 10, 2009, Plaintiff was informed by Defendant's physician the remainder of Plaintiff's physical would be scheduled for June 12, 2009.

18. That on June 17, 2009, Plaintiff was informed by Union Representative Steve Dunn that Plaintiff had passed the physical and that he would return to work upon the scheduling of a book of rules class.

19. That despite passing the physical as required by Defendant, Plaintiff was informed by Defendant's Director of Human Resources Mary Kay Conley (hereinafter referred to as "Ms. Conley") in July of 2009, that Plaintiff had been taken off the roster in 2007.

20. That Plaintiff followed proper labor protocol and appealed the determination that he had been taken off of the active roster in 2007.

21. That during a March 24, 2010 union hearing, Ms. Conley acknowledged that Defendant's Physician ordered the extreme physical because Plaintiff had been off work for a significant period of time due to Plaintiff's physical ailments.

22. That despite being scheduled and passing a physical in 2009, Plaintiff was then informed that he was no longer on the employment roster and had not been on the active roster since 2007.

23. That despite passing the extreme physical as ordered by Defendant's physician in 2009, Defendant terminated Plaintiff from his employment.

24. That Plaintiff's age at the time of his extreme physical in 2009 was forty-nine (49) years of age.

25. That Plaintiff's age was a determining factor in Defendant's decision to subject Plaintiff to the extreme physical and in Defendant's decision to not re-hire Plaintiff.

## COUNT II
## AMERICAN WITH DISABILITIES ACT

26. Plaintiff re-alleges and re-avers all allegations contained in paragraphs 1-25 as if fully re-written herein.

27. That Plaintiff was physically disabled within the meaning of the American with Disabilities Act that prevented his body from functioning normally.

28. That Plaintiff's physical impairment substantially limited his ability work and/or perform other life activities which prevented and/or restricted him from working compared to that of a persona of an average or similar age as Plaintiff in the general population.

4

29. That Plaintiff's physical impairment was of such a nature that Plaintiff's condition resulted in a long-term impact on Plaintiff and his ability to continue working during the period of physical impairment.

30. That Plaintiff's physical impairment was of such a nature that Defendant regarded Plaintiff as disabled within the meaning of the American with Disabilities Act even after Plaintiff requested that he return to work and passed the extreme physical as requested by Defendant's physician.

31. That in 2009, when Plaintiff attempted to return to work, Defendant deemed Plaintiff was unable to work, even though he passed the extreme physical as requested by Defendant's physician.

32. That Plaintiff, from May 7, 1996 through July of 2009, had a record of being physically disabled as set forth in the American with Disabilities Act that such physical impairment substantially limited his ability to perform his job as a Switchman for Defendant.

33. That the Defendant acted with malice and reckless indifference against Plaintiff's federally protected rights that Plaintiff should be entitled to punitive damages so as to deter future employers from acting in a similar fashion.

**WHEREFORE,** Plaintiff respectfully prays for an award of back pay, front pay, compensatory and punitive damages, for attorney fees, the costs of this action and for all other relief this court deems just and equitable.

Respectfully submitted:

By: _____
Matthew N. Fech (Atty No.: 23277-45)
**Law Office of Matthew N. Fech**
844 North Cline Avenue
Second Floor South
Griffith, Indiana   46319
Telephone:   (219) 670-3004
Fax:   (219) 979-5319
E-mail:   mnf@fech-law.com
Counsel for Plaintiff

By: _____
John R. Cantrell (#22678-45)
**Law Office of John R. Cantrell, P.C.**
7135 Indianapolis Blvd.
Hammond, Indiana   46324
Telephone (219) 554-0114
Fax:   (219) 554-0122

## JURY DEMAND

Plaintiff herein demands a trial by jury on all issues so triable in this action.

Respectfully submitted

By: _____
Matthew N. Fech (#23277-45)
Counsel for Plaintiff

By: _____
John R. Cantrell (#22678-45)
Counsel for Plaintiff